## John S. Hudson *et ux.* *v.* W. M. Strickland.

1. Practice—Nonsuit—New Trial.—The circuit court has no power to dism'ss the plaintiffs' suit upon the ground that it appears, from the evidence, that the contract sued on was illegal and void.

2. Same—Compulsory Nonsuit.—After verdict a motion was made for a new trial; the court took the case under advisement, and at the succeeding term granted a new trial, and dismissed the plaintiffs' suit, for illegality in the contract sued on. *Held:* That this was error; the plaintiffs had a right under our practice to have their case tried by the court and jury. The judgment of nonsuit has not obtained, at least, to its full extent, in this State.

3. Same—Same—Case in Judgment.—In the case at bar, though objecting and excepting to the order granting a new trial, the plaintiffs were ready and willing to proceed with the cause. No laches are imputed to them, in this respect. Under such circumstances, the action of the court in dismissing the suit, against the protest of the plaintiffs, was wholly unauthorized and without precedent in the jurisdiction of our State.

Error to the circuit court of Marshall county.   Hon. O. Davis, Judge.

Plaintiffs in error brought their action in *assumpsit* against defendant, for money had and received by him from one Joshua Hobson, in August, 1864, in the State of Kentucky, amounting to $333.33⅓, which sum was given to Mary F. Hudson, one of plaintiffs, by will of her grandfather, and was paid defendant by Hobson, the executor.   The plea of *non-assumpsit* was filed, and by leave of the court additional plea of payment and bill of particulars.

Replication was filed and issue joined, and the case was submitted to the jury on the evidence, and the jury found a verdict for the plaintiff, for the sum of $340.93.   Defendant moved the court to set aside the verdict and grant him a new trial.   The motion was argued by counsel, and the court took the case under advisement, and at the next succeeding term of the court, the motion was sustained, and the following judgment was entered on the minutes of the court, "Monday, November 20, 1871.   This day came the parties, by their attorneys, and the court being advised of all matters of law arising on the motion for new trial, made at the last term of this court, and which said motion was continued and taken under advisement, on the 8th day of April, 1871, being a day of said term.   It is considered by the court, that said motion for a new trial be, and the same is hereby sustained, and said verdict set aside, and a new trial granted.   But it appearing to the satisfaction of the court, from the evidence, that the contract sued on was illegal and void, it is considered by the court, that this suit be dismissed, and that defendant recover of plaintiffs the cost of this suit expended."

To which action of the court plaintiffs excepted, and brought the case to this court by writ of error.

Plaintiffs assign the following causes of error:

1. The court erred in giving the charges asked by the defendant in the court below.

2. The court erred in refusing the charges asked by plaintiff in the court below.

3. The court erred in sustaining the defendant's motion for a new trial and setting aside the verdict.

4. The court erred in dismissing the case of plaintiffs from the docket on its own motion against the protest of the plaintiffs, and without being requested by the defendant, after sustaining the motion for a new trial.

5. The court erred in taking the case under advisement at the March term, 1871, without having the testimony in the case reduced to writing, and signed by himself, as the law required, on issue of fact arising in the case.

*Featherston, Harris & Watson,* for plaintiffs in error:

We will reverse the order of the assignments, and begin with the fifth and last error. The case was tried at the March term, 1871, of the circuit court of Marshall county, and a verdict returned in favor of the plaintiffs, for $340.93. Upon that verdict a judgment was rendered, and the defendant entered his motion for a new trial. The court took the motion under advisement, and did not decide it until the November term, 1871, six months thereafter.

The court did not before taking the case under advisement, have the testimony in the case reduced to writing, on both sides, and signed by the presiding judge, as the law directed that it should be done. Code 1857, p. 479, art. 10. Code of 1871, § 534. This statute, we think, was mandatory and not merely directory, and this, together with the opinion of the court, shall constitute a part of the record, without a bill of exceptions. Surely a circuit judge could not, in trying a case, omit a part of the record; if so, he could dispense with the whole of it; and then how could a party get his case to this court? It is upon the record that this court tries a case. The circuit judge having failed therefore, to comply

with the law, in having the testimony reduced to writing, and made a part of the record, his action, in taking the motion under advisement, and deciding it at the next term of the court, was without the sanction of law, illegal and void. All that was done by the court, after verdict and judgment, was null and void.

The judgment in favor of the plaintiff, for $340.93, stands to-day in full force in the court below, and should be affirmed by this court.

The fourth error assigned, is that the judge in the court below, after deciding the motion for a new trial in favor of the defendant, by setting aside the verdict and granting a new trial, then proceeded on his own motion, against the solemn protest of the plaintiff, and without the request of the defendant, to dismiss the case from the docket.

When the court sustained the motion and granted a new trial, the case stood on the docket, as though there had never been a trial.    The party against whom a new trial is granted, always has another opportunity of establishing his rights. Dorr v. Watson, 6 Cush., 383.

The action of the court in dismissing the case, is certainly without a precedent, in this State.   If the court could dismiss this case on its own motion, thereby compelling the plaintiffs to take a non-suit, against their consent, why could not the court dismiss every case on the docket, in the same way. But we may be told in reply, that the order dismissing the case, recites that it was done, because it appeared to the satisfaction of the court, that the contract sued on was illegal and void.

The contract sued on was, at all events, nothing but an implied one. The action was for money which he had collected for them, and refused to pay over to them.   Had the contract been illegal and void, that conferred no power on the court to dismiss, as plaintiffs had the right to have their case passed upon by a jury, otherwise a citizen is deprived of a constitutional right.

The dismissing of the case closed the door against the

right to amend, or in any way remove objections to a re-covery. Such usurpation and utter disregard of the legal and constitutional rights of parties litigant, rarely occur in judicial annals.

A compulsory non-suit, such as occured in this case is wholly unwarranted by the laws and decisions of this State. Ewing v. Gildwell, 3 Howard, 334–5.

In this case, Judge Trotter says: "The courts in this State possess no such power and never exercise it."

The following decisions are to the same effect: Copeland v. Means, *et al.*, 2 S. & M., 521; Thornton v. Dumas, 5 S. & M., 602; Winston v. Miller, 12 S. & M., 554.

In latter years, the question has seemed to be too well settled to need adjudication in this State. The question is well settled in Tennessee. Scruggs v. Brackin, 4 Yerg., 528–32; Hunter v. Severe, 7 Yerg., 134; Bacon v. Barker, 2 Tenn. Rep., 55.

*Walter & Scruggs,* and *Watson & Manning,* for defendants in error:

Reporters find no brief in the record for defendant in error.

TARBELL, J., delivered the opinion of the court:

This is an action of *assumpsit,* with the usual plea and notice of set-off. There was a trial and verdict for plaintiffs. A motion having been made for a new trial, it was taken under advisement.

At the term succeeding the trial, this motion was sustained, and, at the same time, the court, on its own motion, dismissed the plaintiffs' action, against the protest of the plaintiffs, and without the request of the defendant. Hence, the case comes to this court.

Several errors are assigned, founded as well upon exceptions taken during the trial, as for granting a new trial and dismissing the plaintiffs' complaint. The judgment is thus stated in the record: "It is considered by the court that said motion for a new trial be, and the same is sustained, and said

verdict set aside, and a new trial granted; but it appearing to the satisfaction of the court, from the evidence, that the contract sued on was illegal and void, it is considered by the court that this suit be dismissed, and that defendant recover of the plaintiffs the costs of the suit expended."

So much of this order as dismissed the suit was erroneous. The plaintiffs had a right, under our practice, to have their case tried by the court and a jury. The judgment of non-suit has not obtained, at least to its full extent, in this State. This power is exercised in some of the States, when, on the trial, in the opinion of the court, the testimony of the plaintiff, fails to make out his case, or for other cause, he is not entitled to recover. And this judgment is pronounced by the court, with or without the request of the defendant in the action. It also follows, as the result of negligence on the part of the plaintiff. As, in his absence when the case is called, or, when he is unprepared to go on with the trial, and a continuance is refused. But in this State, this practice has only a very limited, if any, existence, except as regulated by the Code, §§ 641, 642, 666; first, it being *desired* by the plaintiff, on the trial, or in vacation, and, secondly, when the suit is brought for a less sum than the court can take cognizance of. Doubtless, also, a cause may be stricken from the docket for various causes, such as the neglect of the plaintiff to prosecute his suit, and a continuance is refused.

But, compulsory non-suit, as exercised in the case at bar, is not allowable with us. Indeed, the courts hold that there is no such thing as compulsory non-suit in this State, where the plaintiff has taken proper issue on all the pleas. 3 How., 332; 12 S. & M., 550. The theory of our practice is, that the plaintiff may demand the judgment of the court and jury upon his case. And, that the plaintiff has a right to the verdict of the jury, under the instructions of the court, upon the issues and testimony in the cause. When a non-suit may be entered by the court for want of a replication, see 5 S. & M., 368; 10 ib., 321.

In the case at bar, though objecting and excepting to the

order granting a new trial, the plaintiffs were ready and willing to proceed with the cause. No *laches* are imputed to them in this respect. Under such circumstances, the action of the court in dismissing the suit, against the protest of the plaintiffs, was wholly unauthorized and without precedent in the jurisprudence of our State.

Manifestly, section 534 Code of 1871, has reference to a case taken under advisement on the merits, while on a motion for a new trial, as in the case at bar, section 648 prescribes the practice.

So much of the judgment in this case as dismisses the suit, is reversed, the cause is remanded, and will be reinstated upon the docket of the circuit court, without prejudice.